Eastern District of Kentucky
F I L E D

SEP 2 5 2023

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

CRIMINAL ACTION NO. 5:23-CR-90-KKC

UNITED STATES OF AMERICA                              PLAINTIFF

V.                                **PLEA AGREEMENT**

DUSTIN B. SPARKS                                     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Information filed against him. The Information charges a violation of 18 U.S.C. §2243(b), Sexual Abuse of a Ward.

2. The essential elements of the sole count of the Information are:

(a) that the Defendant knowingly engaged in a sexual act with another person;

(b) that the other person was in official detention;

(c) that the other person was under the custodial, supervisory, or disciplinary authority of the Defendant;

(d) that the Defendant's conduct occurred in a federal prison.

3. The parties agree that, as to the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and that these facts are true. The parties further agree that the following facts do

1

not encompass all of the evidence that would have been presented had this matter proceeded to trial:

> (a) On or about September 3, 2022, continuing through on or about September 19, 2022, the Defendant was employed as a Correctional Officer at Federal Medical Center ("FMC") Lexington, a federal prison. During that time, inmate A.M. was an inmate in official detention at FMC Lexington and under the Defendant's custodial, supervisory, and disciplinary authority. On one or more occasions, between on or about September 3, 2022, and September 19, 2022, the Defendant knowingly engaged in a sexual act with A.M., including causing his penis to penetrate her vulva. The Defendant knew, based on his training and experience, that any sexual contact between FMC staff and inmates was strictly forbidden and was a federal crime.

4. The statutory punishment for the sole count of the information is imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years to life. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. The United States asserts that an additional special assessment of $5,000 applies pursuant to 18 U.S.C. § 3014, and the Defendant reserves his right to contest application of this additional assessment at sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) The United States Sentencing Guidelines (U.S.S.G.) November 1, 2021, manual will determine the Defendant's guidelines range.

> (b) Pursuant to U.S.S.G. § 2A3.3(a), begin with a base offense level of 14.

2

(c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. In exchange for the benefits of this agreement, the Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The United States will recommend releasing the Defendant subject to certain conditions for future court appearances so long as the Defendant does not violate the terms of the order setting conditions of release.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant

3

will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands that, by pleading guilty, he may be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant may be required to register with the sex offender registration agency in Kentucky and, if so required, shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep any required registration current and, if required to register, shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. If required to register, the Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that if he is required to register, under

4

18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind any other United States Attorney's Office or any other federal, state, or local prosecuting authorities.

5

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 9/25/23

By: _____
Zach Dembo
Assistant United States Attorney

Date: 9/25/23

_____
Dustin B. Sparks
Defendant

Date: 4/25/23

_____
Whitney True Lawson
Attorney for Defendant

6